**FILED**
JUL 23 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEVIN RONDEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **09 1360** |
| ) | |
| INTERNAL REVENUE SERVICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*.

It appears that plaintiff's causes of action arise from decisions rendered by the state courts in New Hampshire regarding legal custody of plaintiff's minor child after he and the child's mother divorced. Generally, plaintiff alleges that defendants have interfered with the parent-child relationship, have infringed upon his ability to claim his child as a dependent for income tax purposes, and otherwise have caused him harm and have violated his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. His efforts to obtain relief in the state and federal courts have been unsuccessful. Plaintiff demands compensatory damages totalling $33 million.

"[I]t is well-settled that, since the field of domestic relations involves local problems peculiarly suited to state regulation and control, a suit whose substance involves domestic relations cannot ordinarily be maintained in a federal court." *Malachowski v. City of Keene*, 787 F.2d 704, 709 (1st Cir.), *cert. denied*, 479 U.S. 828 (1986) *see also Rondeau v. State*, No. CIV.

94-289-SD, 1994 WL 262930, at *1 (D.N.H. May 31, 1994) (dismissing for lack of subject matter jurisdiction plaintiff's motion for ex parte preliminary injunction where "the issues he raises pertain exclusively to issues of child custody and visitation rights"). Insofar as plaintiff is challenging any matter pertaining to child custody and support, a federal district court lacks subject matter jurisdiction.

To the extent that plaintiff raises any other viable claim, in the interest of justice, the Court will transfer this matter to the United States District Court for the District of New Hampshire. *See* 28 U.S.C. § 1404(a); *SEC v. Page Airways*, 464 F. Supp. 461, 463 (D.D.C. 1978). With the exception of the Internal Revenue Service and its Commissioner, plaintiff brings this action against individuals and government entities in New Hampshire for acts which occurred in New Hampshire. The District of Columbia has no apparent connection to this case aside from being the location of the headquarters of the Internal Revenue Service, and this connection is not sufficient to warrant proceeding here. *See Boers v. United States*, 133 F. Supp. 2d 64, 66 (D.D.C. 2001) (transferring case to the district where "all the operative facts occurred" and where "the land that was the subject of the foreclosure is also located" because "the District of Columbia ha[d] no apparent connection to this case, aside from the fact that it is the capital of the United States."). "District Courts have a 'local interest in deciding local controversies at home.'" *Boers*, 133 F. Supp. 2d at 66 (quoting *Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996)). It appears that this action could have been brought in the District of New Hampshire and that that is forum is more convenient for the parties and potential witnesses.

Accordingly, the Court will transfer this action to the United States District Court for the District of New Hampshire. Resolution of the plaintiff's application to proceed *in forma*

*pauperis* is left for the transferee court to decide.

An Order consistent with this Memorandum Opinion will be issued separately.

DATE: 7-16-09

_____
United States District Judge